# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAI STUART, MOTHER OF A.S., A CHILD WITH A DISABILITY<br><br>                    Plaintiff,<br>  v.<br>CARLSBAD UNIFIED SCHOOL DISTRICT; DOES 1 through 10,<br><br>                    Defendant. | CASE NO. 16cv2295-WQH-BGS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is Defendant Carlsbad Unified School District's Motion to Dismiss. (ECF No. 6).

**I. Background**

On September 12, 2016, Plaintiff, proceeding pro se on behalf of her child A.S., initiated this action by filing the Complaint. (ECF No. 1). On September 12, 2016, Plaintiff filed a motion to proceed in forma pauperis ("IFP"). (ECF No. 2). On September 14, 2016, the Court denied Plaintiff's motion to proceed IFP, and ordered Plaintiff to either pay the requisite filing fee or submit a more detailed IFP motion – otherwise the action would be dismissed within thirty days. (ECF No. 3). On September 20, 2016, Plaintiff paid the requisite filing fee. (ECF No. 4).

On October 19, 2016, Defendant filed the Motion to Dismiss. (ECF No. 6). Defendant filed a certificate of service attached to its Motion to Dismiss, stating that Defendant sent Plaintiff a copy of its Motion by overnight courier to Plaintiff's address

listed on the docket of this case. *Id.* at 3; ECF Nos. 6-1 at 4; 6-2 at 3. On November 21, 2016, Defendant filed a notice of non-opposition, stating that Defendant "has not received an Opposition to its Motion to Dismiss Plaintiff's Complaint[.]" (ECF No. 7 at 1). As of the date of this Order, the record reflects that Plaintiff has not filed an opposition to Defendant's Motion to Dismiss.

**II. Contentions of the Defendant (ECF No. 6)**

Defendant moves to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(5). (ECF No. 6). Defendant contends that service of process was insufficient under Federal Rule of Civil Procedure 4 and California law. (ECF No. 6-1 at 2-3). Defendant contends that it "has not been properly served with the summons and complaint, whether by mail or personally by Plaintiff[.]" *Id.* at 2. Defendant contends that

> The District received a copy of the Complaint and summons on September 28, 2016. According to the District's Director of Special Education, Tim Evanson, an unidentified man came and dropped off the summons and Complaint — he gave them to the District's Administrative Assistant, Theresa Worth, while she was working at the front desk of the District Office. There was no proof of service provided and, to our knowledge, there has been no Proof of Service filed with the court.

*Id.* Defendant contends that "public entities, like Defendant, are not required to accept service by mail" under California law. *Id.* at 3. Defendant contends that "[t]here is no indication that Plaintiff ever served any individual who was authorized to accept service on behalf of the District, such as a CEO or other head of the department." *Id.*

**III. Analysis**

Under Federal Rule of Civil Procedure 12(b)(5), a party may move to dismiss an action based on "insufficient service of process[.]" Fed. R. Civ. P. 12(b)(5). Federal Rule of Civil Procedure 4(j) governs service of a state or local government[1]:

> (2) A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint

---

[1] Plaintiff alleges that Defendant is a public school district. *See* ECF No. 1 at ¶ 9 (alleging that "Carlsbad Unified School District is the Local Educational Agency under the I.D.E.A.").

>>to its chief executive officer; or
>>(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2)(A-B). Courts have found that California Code of Civil Procedure section 416.50 is "the manner prescribed by [California] state[] law for serving a summons or like process on" a California government defendant. Fed. R. Civ. P. 4(j)(2)(B); *see Quansah v. Comm'r, Soc. Security & Disability Admin.*, 2014 WL 2214035, at *5 (N.D. Cal. May 28, 2014) ("When proceeding under Rule 4(j)(2)(B), California law [Cal. Code Civ. Proc. § 416.50] provides the who and how a summons can be served on a governmental agency."); *Gottschalk v. City & Cnty. of San Francisco*, 964 F. Supp. 2d 1147, 1165 (N.D. Cal. 2013) (stating that personal service of a state employee "[wa]s required by Rule 4(j)(2) and Cal. Code Civ. Proc. § 416.50."). Under the statute,

>(a) A summons may be served on a public entity by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body.
>(b) As used in this section, "public entity" includes the state and any office, department, division, bureau, board, commission, or agency of the state, the Regents of the University of California, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in this state.

Cal. Civ. Proc. § 416.50(a-b).

"Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Southern District of California Local Rule 7.1(e)(2) requires that "each party opposing a motion . . . must file that opposition or statement of non-opposition with the clerk and serve the movant or the movant's attorney not later than fourteen (14) calendar days prior to the noticed hearing." CivLR 7.1(e)(2). Local Rule 7.1(f)(3)(c) states that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." CivLR 7.1(f)(3)(c).

In this case, Defendant has challenged the sufficiency of service, and Plaintiff

bears the burden of proving that service was valid under Rule 4. *See Brockmeyer*, 383 F.3d at 801. Plaintiff has not filed proof of service in the record of this case, and Plaintiff has not responded to Defendant's Motion to Dismiss for insufficient service of process. The Court finds that at this stage of the proceedings, Plaintiff has not met her burden to demonstrate that service in this case was valid under Rule 4.

**IV. Conclusion**

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 6) is granted. IT IS FURTHER ORDERED that this case is dismissed without prejudice. The Clerk of the Court is ordered to close this case.

DATED: January 13, 2017

**WILLIAM Q. HAYES**
United States District Judge